# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

CHRISTOPHER GATLIN,

*Plaintiff,*

v.

MATTHEW WELLE, et al.,

*Defendants.*

Case No. 4:25-cv-00043

## MOTION FOR SUBSTITUTION OF PARTIES

The St. Louis Board of Police Commissioners (the "Board") and Brad Arteaga, Sonya Jenkins-Gray, Edward McVey, Chris Saracino, and Mayor Cara Spencer ("Individual Board Members"), pursuant to Federal Rule of Civil Procedure 25(c), and due to a legislatively mandated transfer of certain responsibilities, ownership, liability, and obligations of the municipal police department under Section 84.325, RSMo, move the Court to substitute the Individual Board Members (in their official capacities) as named defendants in this matter – taking the place of the City of St. Louis. In support of this motion, the substituting parties state:

1.  Effective March 26, 2025, the Missouri General Assembly enacted Section 84.020, RSMo., establishing "a board of police commissioners . . . to be the governing body of the permanent police force [in all cities not within a county]."

2.      The St. Louis Metropolitan Police Department, as the governing body of the police force in St. Louis, Missouri, comes within the provisions of Section 84.020.

3.      Also effective March 26, 2025, the Missouri General Assembly enacted Section 84.325, RSMo., mandating the new board of police commissioners to "assume control" of the police department during the implementation period of the act. *See* § 84.325.1, RSMo.

4.      Upon the complete transfer of assets, *inter alia*, to the board of police commissioners, the St. Louis Metropolitan Police Department, as it was before the board of police commissioners assumption of control, "shall thereafter cease . . . operation[.]" *See* § 84.325.2 RSMo.

5.      Section 84.325 also directs "the state [to] accept responsibility, ownership, and liability as successor-in-interest" upon the "assumption of control by the board of police commissioners[.]" *See* § 84.325.3, RSMo.

6.      On September 2, 2025 Governor Kehoe announced he was rescinding his nominations for the Board as not to distract from a special redistricting session with state legislatures.

7.      As such, counsel submitted a Motion to Withdraw the Motion to Substitute on September 10, 2025. Doc. 47. The Court granted the Motion to Withdraw on the same day. Doc. 48.

8. In a separate case heard by this Court on September 11, 2025, the Court determined that the Board of Police Commissioners existed despite the Governor's September 2, 2025 announcement, as the Mayor of St. Louis was automatically appointed without the need of the Governor's nomination, pursuant to Section 84.020.2 RSMo. *See Clark v. City of St. Louis*, 4:21-cv-00788-JMD, Doc. 210.

9. On September 16, 2025, Governor Kehoe confirmed that he had reappointed the same five board members that were announced previously.

10. The Board has assumed control of the St. Louis Metropolitan Police Department, as required by Section 84.325.

11. Therefore, all "responsibility, ownership, and liability" of the St. Louis Metropolitan Police Department, as provided in Section 84.325, has been accepted by the Board, and a transfer of interest has occurred under Rule 25(c), warranting substitution of parties in this case.

12. The Board now "stand[s] in the shoes" of the City of St. Louis as provided in Section 84.325, and Rule 25(c) provides the procedural method to effectuate the transfer of interest. *See ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc.*, 53 F.3d 186, 190-91 (8th Cir. 1995); *Saberliner Corp. v. Gen. Elec. Co.*, 2014 WL 2013357, *1 (E.D. Mo. 2014).

13. The law is well-established that "[t]he St. Louis Board of Police Commissioners is not a suable entity." *Edwards v. Baer*, 863 F.2d 606, 609 (8th

Cir. 1988). Jurisdiction can only be obtained by suing the individual board members in their official capacity. *See id.*; *see also*, *D.H. v. Doe*, 2015 WL 1807780, at *1 (E.D. Mo. 2015).

For the foregoing reasons, the Board and the Individual Board Members respectfully request this Court grant this Motion for Substitution of Parties.

 

Respectfully submitted,

**CATHERINE L. HANAWAY**
Attorney General

*/s/ Lucas Chapman*
Lucas Chapman
Bar No. 76575MO
221 West High Street
Jefferson City, MO 65101
(573) 298-1764
Lucas.Chapman@ago.mo.gov

*Attorney for the Board and Individual Board Members*

## **Certificate of Service**

I hereby certify that on Monday, September 22, 2025, a copy of the foregoing was electronically filed via the Court's electronic case management system (CM/ECF), which shall effect electronic service upon all counsel of record.

*/s/ Lucas Chapman*
Lucas Chapman