**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER GATLIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00043-ACL |
| | ) | |
| MATTHEW WELLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' BOARD OF POLICE COMMISSIONERS AND**
**MATTHEW WELLE MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY DISCOVERY**

Defendants Board of Police Commissioners and Matthew Welle (collectively "Defendants"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26(c), hereby move for an order to stay discovery to Defendants unless and until the Court rules on Defendants' pending Motion to Dismiss [Docs. 22, 25] or until this Court determines the issues of immunity and Plaintiff's failure to state a claim under *Monell*, and in support thereof state as follows:

## I.    INTRODUCTION AND PROCEDURAL HISTORY

In Plaintiff's First Amended Complaint, Plaintiff attempts to bring four 42 U.S.C. § 1983 claims, one 42 U.S.C § 1985 claim, and three state law claims against Defendants related to Plaintiff's lawful arrest and the custom or usage of the St. Louis Mugshot Recognition Technology System ("SMRT") facial recognition technology program. In Counts 3 and 5, Plaintiff alleges 42 U.S.C. § 1983 Fourteenth Amendment, Malicious Prosecution, and Failure to Intervene claims against Defendant Welle. In Count 4, Plaintiff alleges 42 U.S.C. § 1985 Civil

1

Conspiracy claim against Defendant Welle. In Count 9, Plaintiff alleges 42 U.S.C. § 1983 Failure to Train Claim against Defendant Board of Police Commissioners. In Counts 10-12, Plaintiff alleges Missouri State Law False Arrest, Malicious Prosecution, and Civil Conspiracy claims against Defendant Welle.

On April 11, 2025, Defendants filed their Motion to Dismiss [Docs. 22, 25]. As of April 11, 2025, the Motions to Dismiss were fully briefed [Docs. 23, 26] and has remained pending before this Court. This Court has not requested a Rule 26 conference nor have the Plaintiffs initiated such. Defendants believe they are immune from this lawsuit and, as such, should also be immune from discovery.

Defendant's counsel conferred with Plaintiff's counsel via telephone on August 28, 2025, and September 4, 2025. Plaintiff's counsel opposes Defendant's request to stay discovery pending the Motion to Dismiss, and wishes for discovery to move forward.

## II.    ARGUMENT

"Under Federal Rule of Civil Procedure 26(c), a party may move the court for a protective order staying or limiting the scope of discovery; however, a court may issue such an order only upon the movant's showing of good cause." *Bell, III v. City of Bourbon, Missouri*, 2024 WL 4644851, at \*1 (E.D. Mo. Oct. 31, 2024); *See also T.E. Connectivity Networks, Inc., v. All Systems Broadband, Inc.,* 2023 WL 4487505, at \*1 (D. Minn. Aug. 20, 2013). "It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Id.* (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No.*

2

*24*, 236 F.R.D. 113, 115 (E.D.N.Y 2006). Courts do sometimes stay discovery

pending a ruling on a motion to dismiss, particularly in cases raising issues such as

immunity to suit. *See Lovelave v. Delo*, 47 F.3d 286, 287 (8th Cir. 1995) (stay of

discovery may be appropriate while resolving entitlement of qualified immunity, as

such immunity exists to protect government from litigation). In determining

whether a stay is appropriate pending a motion to dismiss, federal courts consider

the following factors: "(1) whether the movant has shown a likelihood of success on

the merits of the dispositive motion; (2) hardship or inequity to the moving party if

the matter is not stayed; (3) prejudice to the non-moving party if the matter is

stayed; and (4) the conservation of judicial resources." *Physicians Home Health

Infusion, P.C. v UnitedHealthcare of the Midwest, Inc.*, 2019 WL 4644021, *3 (Mo.

E.D. Sept. 24, 2019). The determination is a practical one that is "largely left to the

district court's discretion." *All Systems Broadband, Inc.*, 2013 WL 4487505, at *2.

First, Defendants' motions to dismiss asserts various theories of dismissal,

including under *Monell v. Dep't of Soc. Servs. Of the City of N.Y.*, 436 U.S. 658

(1978); failure to state a claim; qualified immunity; and official immunity. The

pending motion to dismiss could dispose of Plaintiff's claims against Defendants

without the need for discovery or possibly narrow the scope of the parties involved

and the claims to be litigated. Courts may stay discovery pending a ruling on a

motion to dismiss, particularly in cases raising issue as immunity to suit. *Lovelace*,

47 F.3d at 287. Second, discovery in this case will likely be mountainous and

burdensome for Defendants to produce, requiring the expenditure of valuable

government resources. Third, if Plaintiff's claims against Defendants survive the motion to dismiss stage, "the regular course of scheduling and discovery would then go forward." *Perkins v. Missouri*, 2019 WL 332881, \*2 (W.D. Mo. Jan. 25, 2019). ("On balance, a stay is not likely to harm Plaintiff if any of [their] claims survive the motion to dismiss stage because the regular course of scheduling and discovery would then go forward."). In the case Plaintiff needs information from the Defendants regarding its other claims against different parties, they may also file a subpoena to obtain that information. There would be no prejudice to Plaintiff if discovery is stayed pending the motions to dismiss. Fourth, a stay would conserve judicial resources.

WHEREFORE, Defendants respectfully request the Court to issue an Order staying discovery, and all activity under Fed. R. Civ. P. 26 against Defendants until its Motion to Dismiss is ruled upon, and for such other relief as deemed just and proper.

Respectfully Submitted,

**CATHERINE L. HANAWAY**
Missouri Attorney General

*/s/ Lucas Chapman*
Lucas Chapman #76575MO
Assistant Attorney General
221 West High Street
Jefferson City, MO 65101
(573) 298-1764
Lucas.Chapman@ago.mo.gov
*Attorney for Defendants Board of Police Commissioners and Matthew Welle*

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

*/s/ Lucas Chapman*
Assistant Attorney General
