UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GATLIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:25-CV-43-ACL |
| ) | |
| vs. ) | |
| ) | |
| MATTHEW WELLE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Christopher Gatlin filed this civil rights action against Defendants Matthew Welle, Matthew Shute, Cody Goodwin, St. Louis County, and City of St. Louis on January 13, 2025. (Doc. 1.) Gatlin alleges various federal and state law claims—including municipal liability claims under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)—related to the Defendants' alleged misuse of facial recognition technology.

Presently pending before the Court is Defendant City of St. Louis's ("City") Motion to Substitute the State of Missouri ("State") as a named defendant in this matter for the City. (Doc. 53.)

**Background**

On March 26, 2025, subsequent to the filing of the Complaint in this action, the Missouri General Assembly enacted a law transferring control of the St. Louis Metropolitan Police Department from the City to the State. *See* Mo. Rev. Stat. § 84.325.

In response to the new legislation, the City and non-party the St. Louis Board of Police Commissioners ("Board") each filed separate motions to substitute parties. The Board, through the Missouri Attorney General's office, filed a Motion to Substitute *the Board and its individual members* for the City (Doc. 49); whereas the City moved to substitute *the State of Missouri* for the City (Doc. 53).

On October 9, 2025, the Board moved to withdraw its motion to substitute, citing the recent decision of this Court in *Clark v. City of St. Louis*, et al., 4:21-cv-00788-JMD, where United States District Judge Joshua M. Divine denied the Motion to Substitute the Board for the City. (Doc. 60.) The Board stated that it was moving to withdraw the substitution rather than "re-litigate an issue this Court has already decided." *Id.* at 1. The Board described the transfer of control of the police force as a "complex situation at best, in which Counsel is attempting to respond appropriately." *Id.* The Court granted the motion and withdrew the Board's motion to substitute. (Doc. 78.) The City's motion to substitute the State for the City remains pending.

Plaintiff (Doc. 64) and Defendant Welle (Doc. 62) both oppose the City's motion to substitute. On December 19, 2025, Plaintiff filed a Notice of Supplemental Authority. (Doc. 75.) Plaintiff notes that the United States Court of Appeals for the Eighth Circuit denied the City's request to appeal Judge Divine's order denying the motion to substitute in the *Clark* case cited

2

above.  (Doc. 75-1.)  Additionally, Plaintiff cites a recent state circuit court decision—*James Pence v. Ramelle Wallace, et al.*, (2422-CC00923)—denying the City's motion to reconsider the denial of its request to substitute the Board for the City.  (Doc. 75-2.)  The City filed a Response to Plaintiff's Notice of Supplemental Authority.  (Doc. 79.)

### Standard

Pursuant to Federal Rule of Civil Procedure 25, in the event of a transfer of interest, "the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."  Fed. R. Civ. P. 25(c).  The rule is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit.  *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (citing *Gen. Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 261 (D. Del. 1982)).  Whether substitution is appropriate under Fed. R. Civ. P. 25(c) falls within the trial court's discretion.  *Fronings, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 111 n.4 (8th Cir. 1978).

### Discussion

The City argues that, as a result of the transfer of control of the police department, the State accepted *all* responsibility and liability arising from the City's prior operation of the police department.  The City contends that the State is, therefore, the real party in interest and the appropriate defendant in this action.

The State responds that the plain reading of the statute would only transfer to the State contractual obligations and other lawful obligations. The State argues that the legislature did not intend for every liability to transfer, but only the specifically enumerated liabilities.

Plaintiff argues that substitution is improper in this case where a dispute exists regarding whether a transfer of liabilities has taken place.

The statute provides as follows, in relevant part: "Upon the assumption of control by the board of police commissioners under subsection 1 of this section, the state shall accept responsibility, ownership, and liability as successor-in-interest for contractual obligations and other lawful obligations of the municipal police department." Mo. Rev. Stat. § 84.325.3.

In *Clark*, Judge Divine first examined the plain text of Section 84.325.3, and noted that it transferred to the State only the *police department's* liabilities, not the *City's* liabilities. 4:21-cv-00788-JMD, Doc. 212 at 3-4 (emphasis added). Judge Divine next considered the City's argument that the Court should deviate from this interpretation of the statute, because the police department had no liabilities in its name; every liability related to the police department was held in the name of the City. *Id.* at 4. The City argued that applying the most natural meaning of the text would therefore give the text no effect at all, as there would be no liabilities to transfer. *Id.* Judge Divine agreed that "departing from the most natural reading might be justified to transfer *some* of the City's liabilities," but found that "it does not follow that the statute transfers *all* City liabilities related to the police force." *Id.* (emphasis in original). Applying established statutory construction principles, Judge Divine found that, "[a]t most, the statute transfers those liabilities related to contracts, debts, utilities, and the like." *Id.* at 5. Judge Divine found that *Monell*

4

liabilities differ from the other liabilities enumerated above, because they originate not from *the police department* but arise from actions *done by the City*. *Id.* at 6 (emphasis added). Judge Divine concluded that the statute did not transfer *Monell* liabilities:

> The Court need not—and cannot, on this record—enumerate all liabilities that might plausibly be transferred under this statute. It is enough to conclude that if the statute transfers liabilities incurred by the police department in the name of the City, those liabilities are contractual liabilities, utilities, obligations, and the like. The text transferring only liabilities 'of the municipal police department' cannot be stretched to include the 'City's' liabilities for injuries caused by the City's policies.

*Id.* at 7. Finally, Judge Divine found that the doctrine of sovereign immunity cautioned against substitution of parties due to the potential of the Board members raising this defense and preventing the suit from continuing. *Id.* at 9-10.

The City, in its Response to Plaintiff's Notice of Supplemental Authority, argues that the undersigned is not bound by Judge Divine's ruling in *Clark* or by the state circuit court decision cited by Plaintiff. The City further argues that the Eighth Circuit's denial of the City's petition for an interlocutory appeal in *Clark* was not a substantive decision and creates no precedential value. The City urges the undersigned to instead exercise its own, independent discretion in ruling on the City's motion to substitute.

Although the *Clark* decision is not binding precedent, the undersigned finds Judge Divine's reasoning persuasive. Judge Divine undertook a thorough analysis of Mo. Rev. Stat. § 84.325.3, invoking well-established principles of statutory construction. The conclusion that the statute did not transfer *all* of the City's liabilities to the State is well-reasoned. Neither the Eighth Circuit nor the state appellate courts have ruled on this issue. Due to the unsettled nature

5

of the law on this complex issue and the discretion that Rule 25(c) affords this Court, the undersigned will deny the City's motion to substitute the State for the City.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis's Motion to Substitute Parties (Doc. 53) is **denied**.

**IT IS FURTHER ORDERED** that Defendant City of St. Louis's Motion for Extension of Time to File an Answer to Plaintiff's First Amended Complaint (Doc. 63) is **granted** in that **Defendant City of St. Louis's Answer is due no later than January 20, 2026**.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of January, 2026.