IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GATLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 4:25-cv-00043 ) ) |
| MATTHEW WELLE, et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS ST LOUIS COUNTY, GOODWIN, AND SHUTE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY**

COME NOW Defendants St. Louis County ("County"), Matthew Shute ("Shute"), and Cody Goodwin ("Goodwin") (collectively "County Defendants"), by and through undersigned counsel, respectfully submit this Response in Opposition to Plaintiff's Motion to Compel (ECF Nos. 83, 84). County Defendants acknowledge the delay in responding to Plaintiff's discovery requests and respectfully request that this Court excuse the delay for good cause shown and preserve County Defendants' right to assert objections.

**FACTUAL BACKGROUND**

On October 22, 2025, Plaintiff served Interrogatories and Requests for Production on County Defendants. ECF No. 84 at 1. The discovery responses were originally due on November 21, 2025. *Id.* at 2. On December 1, 2025, the then-lead counsel for County Defendants, informed Plaintiff's counsel that she would be leaving the employment of St. Louis County and requested a three-week extension to respond to discovery. *Id.* Plaintiff's counsel graciously consented to the extension, making responses due December 22, 2025. *Id.*

1

On December 18, 2025, then-lead counsel for County Defendants filed her Motion to Withdraw as Counsel, which this Court granted. ECF No. 73. New counsel for County Defendants discovered that then-lead counsel had not prepared Plaintiff's discovery responses prior to her departure. County Defendants have been diligently working to prepare discovery responses since undersigned counsel assumed responsibility for this matter. Defendants Shute and Goodwin's Interrogatory Responses are complete and will be served on Plaintiff by February 6, 2026. County Defendants are currently obtaining documents responsive to the Requests for Production and have learned that many of the documents were provided in response to Sunshine Requests prior to the initiation of this lawsuit. Although County Defendants have received certain documents, they are awaiting additional documents from the Police Department that are necessary to provide complete responses to the Requests for Production for all three County Defendants, as well as the County's Interrogatory Responses.

**ARGUMENT**

**I. Good Cause Exists to Excuse the Delay and Preserve County Defendants' Objections.**

Federal Rule of Civil Procedure 33(b)(4) provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). While Rule 34 does not explicitly provide for waiver of untimely objections to requests for production, "courts uniformly conclude that an objection [to either] may be waived if it is not timely raised and good cause for the delay is not shown." *Parshall v. Menard, Inc.*, No. 4:16-CV-828 (CEJ), 2016 WL 7188125, at *1 (E.D. Mo. Dec. 12, 2016).

In addition, federal courts have broad discretion under Rule 6(b)(1)(B). Specifically, the Rule provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act

2

because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see also *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) ("'[t]he primary measure of good cause is the movant's diligence' in attempting to meet deadlines"). Excusable neglect is "the failure to act not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident." *Irvin v. Palmer*, 580 S.W.3d 15, 22 (Mo. App. E.D. 2019) (quoting *State ex rel. Mylan Bertek Pharms., Inc. v. Vincent*, 561 S.W.3d 68, 72 (Mo. App. E.D. 2018)). Excusable neglect encompasses "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

All relevant circumstances are considered in making a determination regarding excusable neglect. *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999). Four factors, however, are of particular importance: (1) the possibility of prejudice to the nonmoving party; (2) the potential impact on the proceedings; (3) the reason for the delay, including whether it was within the party's control; and (4) whether the moving party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

Here, Plaintiff will suffer no prejudice from receiving discovery within 30 days or from permitting County Defendants to preserve their objections. County Defendants are not attempting to avoid their discovery obligations; rather, they are actively working to fulfill those obligations and seek the opportunity to assert appropriate objections as contemplated by the Federal Rules of Civil Procedure. Waiver of objections is a harsh sanction reserved for cases involving bad faith, willful disregard of discovery obligations, or prejudice to the opposing party—none of which are present here. *Id.*

The record demonstrates that County Defendants' delay was caused by unexpected and unavoidable circumstances beyond the control of undersigned counsel. The prior lead counsel departed the County Counselor's Office on December 19, 2025, without commencing any discovery responses. Undersigned counsel inherited a matter with pending discovery obligations and no preparatory work completed and was diligently working to comply with the discovery obligations in this case and several others simultaneously. To comply, counsel needed to review the entire case file, analyze the factual and legal issues, and begin discovery preparation.

Courts routinely recognize that attorney transitions and withdrawals constitute good cause for discovery delays. The unexpected nature of inheriting a case mid-stream, particularly where predecessor counsel left no work product, presents significant challenges warranting the Court's consideration. Good cause exists because the circumstances causing the delay were beyond undersigned counsel's control. Despite diligent efforts, these unforeseen issues prevented timely completion of discovery responses.

Recognizing the urgency of this case and to ensure compliance moving forward, County Defendants have added an additional attorney to the team specifically to assist with discovery obligations. These steps demonstrate diligence and good faith in remedying the delay and preventing future issues. County Defendants have not acted in bad faith, have not sought to prejudice Plaintiff, and have worked diligently to respond to discovery.

**II. County Defendants Request a Reasonable Extension to Complete Discovery Responses.**

County Defendants have made substantial progress in preparing discovery responses and request a reasonable extension to complete the remaining responses. Specifically, County Defendants propose the following schedule:

- Defendants Shute and Goodwin's Interrogatory Responses: February 6, 2026;

- Defendant St. Louis County's Interrogatory Responses: 30 days from the date of the Court's Order;

- Responses to Requests for Production for all County Defendants (Shute, Goodwin, and St. Louis County): 30 days from the date of the Court's Order.

The additional time requested for the County's Interrogatory Responses and all Requests for Production is necessary because County Defendants are awaiting documents from the St. Louis County Police Department. County Defendants have submitted the appropriate records' request but require additional time to receive, review, and produce responsive documents. This proposed schedule balances Plaintiff's interest in receiving timely discovery with the practical realities of document collection from a law enforcement agency.

WHEREFORE, for the foregoing reasons, County Defendants respectfully request that this Court: (1) find good cause exists to excuse the delay in responding to discovery; (2) preserve County Defendants' right to assert objections due to this excusable neglect; (3) order that Defendants Shute and Goodwin's Interrogatory Responses be served to Plaintiff by February 6, 2026, and that the County's Interrogatory Responses and all County Defendants' Responses to Requests for Production be served within thirty (30) days of the Court's Order.

Respectfully Submitted,

**DANA T. REDWING**
**COUNTY COUNSELOR**

By: */s/ Sandra Zambrana*
Sandra Zambrana, #61125
Associate County Counsel
County Counselor's Office
41 S. Central Avenue
Clayton, Missouri 63105
(314) 930-5251
SZambrana@stlouiscountymo.gov

*Attorneys for County Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 29th day of January 2026, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's CM/ECF filing system upon all counsel of record.

                                                      */s/ Sandra Zambrana*
                                                      Sandra Zambrana