UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GATLIN, | ) |
| Plaintiff, | ) Case No. 4:25-CV-43-ACL |
| vs. | ) |
| MATTHEW WELLE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Christopher Gatlin brought this action against Defendants Matthew Welle, Matthew Shute, Cody Goodwin, St. Louis County, and City of St. Louis. Plaintiff alleges violations of his constitutional rights under 42 U.S.C. § 1983, civil conspiracy under 42 U.S.C. § 1985, and various Missouri state law claims related to his arrest and incarceration for almost two years arising out of the alleged misuse of facial recognition technology.

Presently pending before the Court are the following motions: Plaintiff's Consent Motion for Protective Order (Doc. 82), Plaintiff's Motion to Compel (Doc. 83), and Defendants' Motion to Amend Proposed Protective Order (Doc. 86). These motions are fully briefed and ready for disposition.

    **I.**    **Motion for Protective Order**

    **A. Background**

On January 15, 2026, Plaintiff filed a "Consent Motion for Protective Order," stating that

1

the parties believe that discovery in this case is likely to involve some documents that may be confidential, including identifying information of witnesses and pedigree information. (Doc. 82.) The Motion indicates that counsel for Plaintiff, St. Louis City, Defendant Welle, and non-party the St. Louis City Board of Police Commissioners agreed on the proposed order; but counsel for Defendants St. Louis County, Goodwin, and Shute ("County Defendants") has not consented to the order.

On January 22, 2026, the County Defendants filed a Motion to Amend Proposed Protective Order. (Doc. 86.) Defendants state that counsel for Plaintiff and all Defendants have agreed as to both the need for a protective order in this matter as well as the type of general protections that are to be included. Defendants state that counsel for Plaintiff emailed all defense counsel a draft of a proposed protective order on January 9, 2026. That same day, counsel for Defendants City of St. Louis and Welle ("City Defendants") consented to Plaintiff's proposed protective order. Counsel for the County Defendants, however, informed counsel for Plaintiff that the County Defendants would not consent to the proposed order. The County Defendants sent their own version of a proposed protective order on January 13, 2026, "that offered privacy protections over and above those proposed by Plaintiff's counsel." (Doc. 86 at 2.) The County Defendants state that, with the exception of added "Attorneys' Eyes Only" ("AEO") and clawback provisions, the protective order proposed by the County Defendants is substantially similar to that proposed by Plaintiff. They state that they do not consent to Plaintiff's proposed protective order and attach a version of their proposed protective order (Doc. 86-4), as well as the referenced email communications between counsel for the parties (Doc. 86-1, 86-2, 86-3).

Plaintiff filed a Response to the County Defendants' Motion to Amend on February 5, 2026.  (Doc. 88.)  Plaintiff states that Plaintiff's counsel first emailed all parties a proposed protective order on October 27, 2025.  He states that counsel for Plaintiff and counsel for the City Defendants communicated regarding issues raised by each party in November and December of 2025, but counsel for the County Defendants were silent throughout this time regarding the proposed protective order.  Plaintiff indicates that on January 13, 2026, counsel for the County Defendants finally responded with a completely different protective order than the one agreed upon by the other parties, writing "We believe this version more appropriately addresses the issues in this case."  (Doc. 88 at 1.)  Because the County Defendants did not consider the other parties' proposed order and instead provided their own boilerplate protective order, Plaintiff proceeded to file the proposed order agreed upon by Plaintiff and the City Defendants.  Plaintiff points out that the proposed order he filed *does* contain a clawback provision, contrary to the County Defendants' assertion.  (Doc. 82-1 at 8.)  Finally, Plaintiff argues that the only discernable additional material provision in the County Defendants' proposed order is an AEO designation, which is overly-broad and unnecessary in this case.  Plaintiff indicates that counsel for Plaintiff offered to include a more limited AEO provision to the County Defendants, but the County Defendants rejected this offer.

### B.  Legal Standard

A court may grant a protective order under Rule 26, which states:

> A party or any person from whom discovery is sought may move for a protective order.... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,

> including ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way....

Fed. R. Civ. P. 26(c)(1)(G). The burden is on the moving party to show "'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements'" as to the necessity for the issuance of a protective order. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65.) "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

An AEO restriction is "a drastic remedy given its impact on the party entitled to the information.... [I]t limits the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent decisions [and] limits the ability of a party to provide needed assistance to counsel." *Ragland v. Blue Cross Blue Shield of ND*, 2013 WL 3776495, at *1 (D.N.D. June 25, 2013) (citing cases); *see also Gillespie v. Charter Comms.*, 133 F. Supp.3d 1195, 1202 (E.D. Mo. 2015) (citing cases). Nonetheless, the designation is appropriate when necessary "to facilitate the purpose of the protective order." *Skillington v. Activant Sols., Inc.*, 2009 WL 3852804, at *7 (E.D. Mo. Nov. 17, 2009). The designation is "reserved for more sensitive information, such as competitive pricing or competitive financial information. Courts allowing these two-tier protective orders have generally allowed their entry to protect against business harm that would result from disclosure of sensitive documents to a

4

competitor." *Hoefer Wysocki Architects, LLC v. Carnegie Mgt. & Dev. Corp.*, 2012 WL 13028901, at *2 (W.D. Mo. Jan. 25, 2012).

### C.  Discussion

After reviewing the proposed protective orders and considering the parties' arguments, the Court will enter Plaintiff's Consent Motion for Protective Order and will deny the County Defendants' Motion to Amend.  The history set out by Plaintiff and undisputed by the County Defendants reveals that Plaintiff and the City Defendants collaborated for several months to craft a protective order that satisfies the interests of all the parties, while the County Defendants remained silent.  When the County Defendants responded to the other parties' proposed order, they did not provide any edits to that order but instead provided a completely different proposed protective order, without providing a specific rationale for the changes.  Because Plaintiff and the City Defendants have worked to create a draft order that addresses each of their concerns and contains a clawback provision as requested by the County Defendants, the undersigned finds that the entry of this order is appropriate.

The Court further finds that the County Defendants have failed to provide good cause to include an AEO provision in the protective order.  Plaintiff represents that this case does not necessitate the production of such a restrictive provision, and the County Defendants have not provided justification for this "drastic remedy."  *Ragland*, 2013 WL 3776495 at *1.  Thus, the County Defendants' request to amend the proposed protective order will be denied.

5

## II. Motion to Compel

### A. Background

On January 15, 2026, Plaintiff filed a Motion to Compel against the County Defendants, in which he states that he has not received responses from the County Defendants to Plaintiff's first Requests for Production or Interrogatories that were sent on October 22, 2025. Plaintiff states that the County Defendants' former counsel responded to counsel for Plaintiff—copying the County Defendants' current counsel—on December 1, 2025, stating that she would be leaving the employment of the County and would be passing the case off to current counsel. The County Defendants' former counsel requested a three-week extension for that reason, to which Plaintiff's counsel agreed. Plaintiff's counsel emailed counsel for the County Defendants on December 29, 2025, when Plaintiff still had not received any responses, and the parties held a meet and confer call on January 2, 2026. Counsel for the County Defendants apologized for the delays but did not provide a timeline to respond to Plaintiff's discovery requests. Plaintiff's counsel provided a deadline of January 9, 2026, by which to produce the County Defendants' discovery, but no discovery or objections have been produced. Plaintiff requests that the Court deem any objections made by the County Defendants waived and order the County Defendants to produce all responses within 14 days of entering an order.

In their Response, the County Defendants state that current counsel discovered that former counsel had not prepared Plaintiff's discovery responses prior to her departure and the County Defendants have been diligently working to prepare discovery responses. The County Defendants state that Defendants Shute and Goodwin's Interrogatory Responses are complete

6

and will be served on Plaintiff by February 6, 2026, and they are awaiting additional documents from the police department in order to provide responses to all three Requests for Productions, as well as the County's Interrogatory Responses. They request 30 days from the date of the Court's order to provide the remainder of their responses. The County Defendants argue that they have good cause to excuse the delay and Plaintiff will suffer no prejudice from the delay or from permitting the County Defendants to preserve their objections.

Plaintiff has filed a Reply, in which he argues that the County Defendants have failed to show good cause for their delay. Plaintiff further argues that the County Defendants' request for an additional 30-day extension is unreasonable and is prejudicial to Plaintiff.

### B. Legal Standard

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to file a motion for an order to compel if a party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents...as requested under Rule 34." Rule 37 requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. Proc. 37(a)(1). Similarly, Local Rule 3.04 provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04.

Federal Civil Procedure Rule 37 provides district courts broad discretion to sanction parties that fail to obey an order to provide or permit discovery. Rule 37(b)(2) provides a non-exclusive list of sanctions district courts may issue for not obeying a court order where an action is pending. Fed. R. Civ. P. 37(b)(2)(A). The remedies listed in Rule 37(b)(2)(A) include prohibiting the disobedient party from supporting or opposing designated claims or defenses, and treating as contempt of court the failure to obey any discovery order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(ii), (vii).

### C.  Discussion

Plaintiff has shown that the County Defendants have failed to provide responses to Plaintiff's first Requests for Production or Interrogatories, and that Plaintiff attempted to resolve this discovery dispute prior to filing the instant motion. The Court will therefore compel the County Defendants to respond fully to Plaintiff's first Requests for Production and Interrogatories within 14 days of this Order.

The Court declines to sanction the County Defendants for their untimely responses at this time, but cautions that failure to comply with this Order will result in the imposition of sanctions under Rule 37(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Consent Motion for Protective Order (Doc. 82) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. 83) is **granted,** in that the County Defendants must fully answer Plaintiff's first Requests for Production or Interrogatories **no later than March 9, 2026**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend Proposed Protective Order (Doc. 86) is **denied**.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of February, 2026.